UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| GREGORY McKENNA, | Case No. 5:09-CV-05706 PVT |
| Plaintiff, | **ORDER GRANTING PLAINTIFF McKENNA'S MOTION FOR PARTIAL SUMMARY JUDGMENT AS TO DEFENDANT'S FIFTH AFFIRMATIVE DEFENSE** |
| v. | |
| AVAYA, INC., | |
| Defendant. | |

### I.  INTRODUCTION

On February 23, 2010, the parties appeared for a hearing on Plaintiff's motion for partial summary judgment as to Defendant's Fifth Affirmative Defense.  Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Plaintiff McKenna's motion is GRANTED as follows.

### II.  BACKGROUND

Plaintiff McKenna was employed by Defendant Avaya from January 1, 2008 to September 18, 2008.  Plaintiff alleges that when he was hired, he and Charlie Ill negotiated an oral agreement for severance pay in the event of involuntary separation (the "Oral Agreement").  The Oral Agreement provided that Plaintiff would be paid his base salary of $210,000 plus expected incentive compensation of $140,000, for a total of $350,000, if he was subject to an involuntary separation from the company.  When Plaintiff was laid off, Defendant offered him a severance pay of

1  approximately $24,200 pursuant to its "Force Management Program," which Plaintiff refused.  On
2  September 29, 2008, Mr. Ill confirmed by email to Avaya executives that he had agreed the company
3  would provide Plaintiff with a one year severance package if his employment was involuntarily
4  terminated for any reason other than cause.

5  **III.   LEGAL STANDARD**

6  Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment " shall
7  be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on
8  file, together with the affidavits, if any, show that there is no genuine issue as to any material fact
9  and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c).
10 "Rule 56(c) provides that the trial judge shall [] grant summary judgment if there is no genuine issue
11 as to any material fact and if the moving party is entitled to judgment as a matter of law." *Anderson*
12 *v. Liberty Lobby, Inc.,* 477 U.S. 242, 247 (1986).  "The mere existence of some alleged factual
13 dispute between the parties will not defeat an otherwise properly supported motion for summary
14 judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550
15 U.S. 372, 380 (2007), quoting *Anderson*, 477 U.S. at 247-48.

16 "The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff
17 is not thereby relieved of his own burden of producing in turn evidence that would support a jury
18 verdict." *Anderson,* 477 U.S. at 256; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)
19 ("where the nonmoving party will bear the burden of proof at trial on a dispositive issue, a summary
20 judgment motion may properly be made in reliance solely on the 'pleadings, depositions, answers to
21 interrogatories, and admissions on file'").  The court must draw all reasonable inferences in favor of
22 the non-moving party. *Masson v. New Yorker Magazine, Inc.,* 501 U.S. 496, 520 (1991); *Matsushita*
23 *Elec. Indus. Co. v. Zenith Radio,* 475 U.S. 574, 588 (1986).  However, the opposing party must show
24 more than some metaphysical doubt as to the material facts. *Matsushita,* 475 U.S. at 588.  It must
25 come forward with " specific facts showing that there is a genuine issue for trial." FED. R. CIV.
26 P. 56(e).  When a rational trier of fact cannot find for a nonmoving party, there is no genuine
27 issue for trial. *Matsushita*, 475 U.S. at 587.

28 If the opposing party shows that it cannot, for reasons stated, present by affidavit facts

essential to justify its opposition, the court may either deny the motion or continue it to allow additional discovery. *See* FED. R. CIV. PRO. 56(f). However, the burden is on the party seeking additional discovery to proffer sufficient facts to show that there is some basis for believing that the information sought actually exists. *See Blough v. Holland Realty, Inc.*, 574 F.3d 1084, 1091 n.5 (9th Cir. 2009); *Chance v. Pac-Tel Teletrac Inc.*, 242 F.3d 1151, 1161 n. 6 (9th Cir. 2001).

## IV.     DISCUSSION

Defendant's answer to the complaint asserts, among other things, an affirmative defense based on ERISA preemption. It is undisputed that Defendant maintains a severance plan called the "Force Management Program." Plaintiff, however, maintains that the Oral Agreement was created wholly apart and separate from the company's Force Management Program, and that ERISA thus does not apply to the Oral Agreement.

### A.     Defendant Has Not Met The Standard for Rule 56(f)

Defendant Avaya contends that there are still disputed material facts regarding the terms of the Oral Agreement, and requests time to conduct discovery. However, Defendant has not met its burden of showing that there is a basis to believe that evidence exists that would prevent partial summary judgment on its fifth affirmative defense. *See Chance*, 242 F.3d at 1161; *see also* FED. R. CIV. PROC. 56(f). Thus, neither denial or continuance of this motion is warranted.

### B.     The Oral Agreement Is A Separately Enforceable Contract, Distinct from Avaya's Force Management Program.

Defendant Avaya asserts that the Force Management Program supercedes any oral severance agreement. However, Defendant admits in its opposition:

> Avaya maintains a number of <u>other, similar plans</u> directed to different positions. No employee can recover benefits under more than one of these plans. The Force Management Program provides that "any Participant who receives a payment or benefits under the Plan shall not be entitled to receive a separation payment or separate benefits under <u>any other plan, program, policy, agreement, or practice</u>. Any Participant who receives a separation payment, benefit or special pension benefit as a result of his or her termination under <u>any other agreement, program or benefit plan</u> shall not be entitled to receive a post-employment payment under Section C hereof. *emphasis added*, Opposition, FN2 (Docket 015).

The Force Management Program thus anticipates that other agreements can co-exist with the Force

1  Management Program, and specifies that a participant may only recover benefits pursuant to one
2  plan or agreement.
3       In *Metropolitan Life*, the Court set forth two factors to determine if a claim is preempted by
4  ERISA: 1.) whether the claim 'relates to' an ERISA governed plan; and 2.) whether the claim falls
5  within the scope of ERISA's enforcement. *See Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63
6  (1987). In the present case, the first factor is dispositive.
7       Plaintiff's claim only relates to an ERISA governed plan if the Oral Agreement is subject to
8  ERISA. In *Fort Halifax,* the Court examined the circumstances under which "severance plans [are]
9  subject to ERISA." *See Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 17-18 (1987). The Court
10 emphasized that a severance plan is subject to ERISA only if it requires an ongoing administrative
11 scheme. *See id.* at 12; *see also Winterrowd v. American General Annuity Insurance*, 321 F.3d 933,
12 939 (9th Cir. 2003).
13      The Ninth Circuit has routinely found that a severance plan is subject to ERISA only if it
14 requires an ongoing administrative scheme. For example, in *Winterrowd*, the Ninth Circuit held that
15 where a severance was not offered "pursuant to an organized scheme" or in a manner that would
16 "enable a reasonable person to discern the basic elements of the benefits scheme," the severance plan
17 does not fall under ERISA. *See Winterrowd*, 321 F.3d at 939; *see also Delaye v. Agripac, Inc.*, 39
18 F.3d 235, 237 (9th Cir. 1994) (a one time obligation did not rise to the level of an administrative
19 scheme); *Bogue v. Ampex Corp.*, 976 F.2d 1319, 1323 (9th Cir. 1992) (same).
20      In a strikingly similar case, the Eighth Circuit found that *oral promises* that did not entail an
21 "ongoing administrative scheme," nor express any intent to amend the ERISA governed severance
22 plan, did not fall under ERISA. *See Eide v. Grey Fox Technical Services Corp.*, 329 F.3d 600, 607
23 (8th Cir. 2003).
24      Here, the oral promises made by Mr. Ill to Mr. McKenna do not require an administrative
25 scheme, nor do they depend upon or amend the ERISA governed Force Management Program.
26 As such, the Oral Agreement is not subject to ERISA. Thus, Plaintiff's claim does not " relate
27 to" an ERISA governed plan.
28

## V. CONCLUSION

Because the Oral Agreement does not depend upon an administrative scheme, nor does it purport to amend or modify an existing ERISA plan, the Oral Agreement does not fall under ERISA. Additionally, the Defendant has not met the standard for a Rule 56(f) continuance. Thus, Plaintiff's motion for partial summary judgment as to the fifth affirmative defense is GRANTED.

IT IS SO ORDERED.

Dated: *4/9/10*

*Patricia V. Trumbull*
PATRICIA V. TRUMBULL
United States Magistrate Judge